RACHEL LOWENTHAL, Plaintiff, *v.* ARNOLD H. BARNETT, Defendant.

(Supreme Court, New York Special Term, June, 1920.)

Mortgages — subrogation — interest — actions.

> A holder of a second mortgage containing a clause allowing interest paid on the first mortgage by the second mortgagee, upon default of the mortgagor, to be added to the second mortgage and collected from the mortgagor as title holder, may maintain an action against the owner of the property although not a party to the second mortgage for the interest and an installment of principal paid by him to the first mortgagee.

MOTION for judgment on the pleadings.

Stone & Schleimer (Max Schleimer, of counsel), for plaintiff.

Jerome C. Jackson, for defendant.

Misc.]    Supreme Court, June, 1920.

McAvoy, J.   The plaintiff, a subordinate lienor by mortgage, paid the prior mortgagee the interest due on that mortgage and an installment of the principal sum which was also due under the terms of the mortgage and the bond.   He now sues the then owner of the title under claim of subrogation to the rights of the principal creditor in so far as' he has made the payments then due from the owner of the title.   The former second mortgagor was a party signatory to a mortgage clause allowing interest paid on the first mortgage (when the mortgagor failed to pay) by the second mortgagee to be added to his mortgage and collected thereunder from him as title holder.   The present defendant was not a party to that mortgage and consequently is not bound thereby.   He may be held if at all by plaintiff in an action at law based on the subrogation in equity of plaintiff to the right to recover a money judgment residing in the first mortgagee at the time of payment to him by plaintiff of moneys due by defendant.   As plaintiff was not a mere volunteer but had his interest in the second mortgage to protect he was even without agreement entitled to make the payment and rely on a recovery over against the original debtor.   This equitable claim is clothed in the legal garb of the contract discharged.   If the first mortgagee had a right to sue on the bond for the money due, then the payer of the debt has the subrogated right descended upon him.   Obviously he might bring this action upon the bond-debt, and I conclude that an action lies as outlined in the complaint.   Motion for judgment on pleadings granted.   Demurrer overruled, with ten dollars costs, with leave to answer on payment thereof twenty days hereafter.

Ordered accordingly.